CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 17 2007
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WILBERT V. JOHNSON,<br><br>        *Plaintiff,*<br><br>  v.<br><br>THE UNIVERSITY OF VIRGINIA MEDICAL CENTER, AND<br><br>EDWARD WALSH, M.D.<br><br>        *Defendants* | CIVIL NO. 3:06cv00061<br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on motions to dismiss by Defendant Edward Walsh ("Walsh") and Defendant University of Virginia Medical Center ("UVMC") filed on November 27, 2006 (docket entry nos. 10,11). For the following reasons, Walsh's motion will be GRANTED and UVMC's motion will be GRANTED IN PART and DENIED IN PART—both in an order to follow.

## I. BACKGROUND

Plaintiff is suing pursuant to the Emergency Medical Treatment & Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Plaintiff alleges in his complaint that he was transported to the University of Virginia Medical Center on October 30, 2004 after he fell at his house that day; he complained of weakness, dizziness, and tremor. Plaintiff states that in recent weeks, he had fallen numerous times both in his home and in public and, as a result, he had made two other visits to a different hospital.

Plaintiff alleges that Defendants failed to provide him with an adequate medical screening examination in order to determine whether an emergency medical condition existed that would require further stabilization prior to transfer or discharge, as is required by EMTALA. Additionally, Plaintiff claims that Defendants failed to provide the necessary stabilization. Defendants then discharged Plaintiff without admitting him to the hospital and without transferring him to another hospital. Plaintiff alleges that as a result of Defendants' failure to comply with EMTALA, Plaintiff suffered severe injuries, including "loss of ability to swallow, and to sit up without assistance, serious cognitive impairment and incontinence, and total renal failure." Plaintiff seeks $350,000 in compensatory damages.

Both Defendants have filed motions to dismiss.

## II. DISCUSSION

The Court notes initially that EMTALA is an "anti-dumping" statute and is not a federal malpractice statute. *See Bryan v. Rector & Visitors of Univ. of Va.*, 95 F.3d 349, 351(4th Cir. 1996) ("Numerous cases and the Act's legislative history confirm that Congress's sole purpose in enacting EMTALA was to deal with the problem of patients being turned away from emergency rooms for non-medical reasons."). Instead, EMTALA imposes two duties on hospitals: (1) a duty to screen incoming patiesns for emergency medical conditions and (2) if an emergency medical condition is found, a duty to stabilize a patient before discharging him. *See* 42 U.S.C.A. § 1395dd(a)–(c) (2006). "Any individual who suffers personal harm as a direct result of a participating hospital's violation" of § 1395dd may bring a cause of action. *See id.* § 1395dd(d)(2).

### A. Plaintiff's Complaint Was Timely Filed

Defendants claim initially that Plaintiff's case must be dismissed because it was untimely

filed. EMTALA requires that actions be brought within two years of the date of the alleged violation. *See id.* § 1395dd(d)(2)(C). Plaintiff alleges Defendants violated EMTALA on October 30, 2004. As such, his action must have been brought by October 30, 2006.

Plaintiff's complaint and an application to proceed in forma pauperis ("IFP") were both filed with the court clerk on October 30, 2006. This Court granted the IFP application on November 7, 2006, and the complaint was then date-stamped and docketed on the Court's electronic docketing system, CM/ECF. The issue, then, is whether a suit is deemed commenced on the day a plaintiff files both an IFP application and a complaint with the court clerk, despite the fact that the complaint is not formally filed on the docket until after the IFP application is granted.

Although the Fourth Circuit itself appears not to have directly addressed this issue, decisions in the Western District of Virginia support Plaintiff. In *Wells v. Apfel*, 103 F. Supp. 2d 893 (W.D. Va. 2000), the court held a complaint to be timely filed when the complaint and an IFP application were both filed with the court on the last day of the relevant limitations period despite the fact that the IFP application was later denied and the plaintiff failed to pay the filing fee until 41 days later. *Wells*, 103 F. Supp. 2d at 899 ("[The plaintiff's] complaint, for statute of limitations purposes, was filed on ... the date it was received by the clerk's office."); *see also Bishop v. Apfel*, 91 F. Supp. 2d 893, 894 (W.D. Va. 2000) ("[T]he best rule is that where the plaintiff submits an IFP application, the relevant period of limitations is suspended until the court rules on the application."); *Gibbs v. Barnhart*, No. 2:04CV00056, 2005 WL 283205, at *1 n.5 (W.D. Va. Feb. 7, 2005) (unpublished opinion) ("This court has held that where a complaint is submitted with an application to proceed in forma pauperis, the time elapsed between that date and the date the application is acted upon is not counted against the ... statute of limitations.").

Additionally, case law from courts in the First, Second, Third, Fifth, Seventh, Tenth, and District of Columbia circuits supports this position. *See Shabazz v. Cole*, 69 F. Supp. 2d 177, 191 (D. Mass. 1999) ("For statute of limitations purposes, a complaint in an action where leave to proceed in forma pauperis is requested is generally deemed to have been filed on the day the motion is received by the Clerk of the Court."); *Rosenberg v. Martin*, 478 F.2d 520, 522 n.1a (2d Cir. 1973) (holding that the "action must be treated as commenced ... when the Clerk of Court received the complaint" in a case in which the plaintiff filed both the complaint and an IFP application, but the IFP application was not granted until 35 days later and complaint was then "formally filed"); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996) ("Although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed in forma pauperis.");[1] *Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1392 (5th Cir. 1991) ("This court has held ... that a delay by the clerk in stamping a complaint 'filed' due to the pendency of a motion to proceed IFP does not jeopardize the timeliness of the plaintiff's commencement of suit."); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 n.5 (7th Cir. 1988) ("[T]he generally accepted rule [is] that a complaint is deemed 'filed' within the meaning of Fed. R. Civ. P. 3 for purposes of invoking the court's jurisdiction over an action when it is placed in the custody of the district court clerk."); *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994)

---

[1] Additionally, a bankruptcy court in the Fourth Circuit cited *McDowell* for support in holding that "[a]lthough a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiffs request to proceed in forma pauperis." *See In re Emory*, 219 B.R. 703, 708 (Bankr. D.S.C. 1998).

("Plainly, the statute of limitation is tolled while the IFP petition is pending."); *McCall v. U.S. Marshals Serv.*, 36 F. Supp. 2d 3, 5 (D.D.C. 1999) ("[F]or statute of limitations purposes, in the case where in forma pauperis status is subsequently *granted*, the general rule is that the complaint is considered to have been filed on the date it was lodged."); *see also McCrum v. Elkhart Co. Dept. of Pub. Welfare*, 806 F. Supp. 203, 207 (N.D. Ind. 1992) ("[T]he statute of limitations is tolled during the pendency of a petition to proceed in forma pauperis."); *Salahuddin v. Milligan*, 592 F. Supp. 660, 661 (D.C.N.Y. 1984) ("[W]here, as here, plaintiff acts pro se and sends his complaint to the court, and the complaint is not filed until a later date due to consideration of plaintiff's application to proceed in forma pauperis, the action is deemed commenced for purposes of the statute of limitations upon receipt by the court of plaintiff's complaint, and not when it is filed."); *Krajci v. Provident Consumer Disc. Co.*, 525 F. Supp. 145, 149 (E.D. Pa. 1981) ("Although a complaint tendered in forma pauperis cannot technically be 'filed' until leave to proceed in forma pauperis has been granted, the limitations period is tolled by the lodging of the complaint.").

Here, Plaintiff filed his IFP application and complaint with the court clerk on October 30, 2006. Therefore, because it is clear that Plaintiff's complaint is deemed filed when he files it with the clerk's office and not when the complaint is formally docketed on the Court's electronic docketing system, the Court finds that Plaintiff's complaint was timely filed.

### B. Defendant Walsh Is an Improper EMTALA Defendant

Defendant Walsh argues that EMTALA does not provide Plaintiff with a cause of action against him as an individual doctor; rather, EMTALA plaintiffs may only sue hospitals.

According to the statute, injured plaintiffs may sue a "participating hospital" as that term is defined in EMTALA. *See* 42 U.S.C.A. § 1395dd(d)(2)(A) (2006) (stating that an individual

may bring "a civil action against [a] participating hospital"). A "participating hospital" is one "that has entered into a provider agreement" under 42 U.S.C. § 1395cc, which allows hospitals to seek Medicare reimbursement. *See id.* §§ 1395dd(e)(2), 1395cc.

Federal courts—including the Fourth Circuit—have nearly unanimously concluded that EMTALA does not, however, provide an injured plaintiff with a cause of action against individual doctors. *See Brooks v. Md. Gen. Hosp., Inc.*, 996 F.2d 708, 710 n.2 (4th Cir. 1993) ("Section 1395dd(d)(2)(A) of Title 42 of the United States Code limits private civil actions under EMTALA, providing remedies only against hospitals."); *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 877–78 (4th Cir. 1992) ("Although the statute clearly allows a patient to bring a civil suit for damages for an EMTALA violation against a participating hospital, no section permits an individual to bring a similar action against a treating physician....[N]othing in the language of the statute permits a private individual to recover personal injury damages from a physician for an EMTALA violation." (citation omitted) (footnote call numbers omitted)); *Frazier v. Angel Med. Ctr.*, 308 F. Supp. 2d 671, 679 (W.D.N.C. 2004) ("Moreover, to the extent the Plaintiff has attempted to state an EMTALA claim against the physicians, no such claim exists because the statute provides an action for personal injury damages only against a hospital."); *Gerber v. Nw. Hosp. Ctr., Inc.*, 943 F. Supp. 571, 575 (D. Md. 1996) ("[T]he statute creates no private right of action against individual physicians."); *see also Griffith v. Mt. Carmel Med. Ctr.*, 842 F. Supp. 1359, 1365 & 1365 n.6 (D. Kan. 1994) (suggesting that a hospital liable under EMTALA may be able to seek indemnification from the individual doctor, but leaving the issue "for another court to decide"). *But see Sorrells v. Babcock*, 733 F. Supp. 1189, 1193–94 (N.D. Ill. 1990) (concluding that an EMTALA action *could* proceed against an individual physician because the statute defines "responsible physician" and because the legislative history indicated that all

sanctions should apply to physicians).[2]

Because these cases clearly show that an EMTALA plaintiff can only sue a participating hospital and not an individual, Plaintiff's claim against Defendant Walsh must be dismissed.

### C. Defendant UVMC Is an Improper Defendant

Defendant UVMC claims that it is not a legal entity capable of being sued. The Court agrees. UVMC is a division of the Rector and Visitors of the University of Virginia. *See Miller v. Univ. of Va. Med. Ctr.*, 58 Va. Cir. 240 (Cir. Ct. Albemarle County 2002) ("UVMC is a division of the Rector and Visitors of the University of Virginia, which is an agency of the Commonwealth of Virginia."). The proper hospital defendant, therefore, should be either the Rector and Visitors of the University of Virginia or the Commonwealth of Virginia itself.

Plaintiff has moved the Court to allow him to amend his complaint. The Court will also grant this motion in an order to follow.

### III. CONCLUSION

For the foregoing reasons, Walsh's motion will be GRANTED and UVMC's motion will be GRANTED IN PART and DENIED IN PART—both in an order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
United States District Judge

1-17-07
Date

---

[2] Congress later struck references to and the definition of "responsible physician" from EMTALA. *See* Omnibus Budget Reconciliation Act of 1989, Pub. L. No. 101-239, § 6211(e)(2), 103 Stat. 2106, 2247.

Case 3:06-cv-00061-NKM-BWC Document 26 Filed 01/17/07 Page 7 of 7 Pageid#: 79